61 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Momtaz A. ABAS, Debtor.
Atef RAFLA, Appellee,
v.
Momtaz A. ABAS, Appellant.
 No. 95-55035.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Momtaz Aziz Abas appeals pro se the Bankruptcy Appellate Panel's ("BAP") affirmance of the trial court's decision holding $200,000 of debt owed by Abas to Atef Rafla nondischargeable under 11 U.S.C. Sec. 523(a)(2)(A). We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We examine de novo the bankruptcy court's conclusions of law, while reviewing for clear error its factual findings. Havelock v. Taxel, No. 93-56685, 1995 WL 338645, at * 3 (9th Cir. June 8, 1995).
 
 
 3
 The bankruptcy court concluded that a fiduciary relationship existed between Abas and Rafla and that Abas had a duty to disclose information relevant to Rafla's lending decision. The bankruptcy court then concluded that Abas' failure to disclose to Rafla that a property profile report understated the amount of encumbrances against property Rafla used to secure a personal loan to Abas amounted to a misrepresentation. The bankruptcy court finally concluded that all the elements of a nondischareability claim under section 523(a)(2)(A) were met.
 
 
 4
 On appeal, the BAP determined that the bankruptcy court did not err by considering whether a fiduciary relationship existed between the parties. Further, the BAP determined that a material nondisclosure is actionable under 11 U.S.C. Sec. 523(a)(2)(A) without regard to the existence of a fiduciary relationship.
 
 
 5
 After a review of the record and the briefs on appeal, we conclude for the reasons stated by the BAP that the bankruptcy court correctly determined that Rafla's loan was nondischargeable pursuant to section 523(a)(2)(A).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3